**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 13 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ODILON ORTIZ,

Defendant - Appellant.

No. 03-1342

(D. Colorado)

(D.C. No. 02-CR-467-MK)

### ORDER AND JUDGMENT[*]

Before **TACHA,** Chief Circuit Judge, **ANDERSON** and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Odilon Ortiz pled guilty to one count of use of a communication facility in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 843(b). He was sentenced to forty-eight months imprisonment, the statutory maximum. He appeals his sentence, arguing that the district court should have departed downward.

Ortiz's appointed counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), because she has concluded that this appeal is "wholly frivolous, after a conscientious examination of it," id. at 744, and she has so advised this court and requests permission to withdraw as counsel. After carefully reviewing the record, we agree with Ortiz's counsel that Ortiz's appeal presents no non-frivolous issues, so we grant counsel's request to withdraw and we affirm Ortiz's sentence.

The undisputed facts as set forth in the plea agreement establish the following. On July 31, 2002 a "previously reliable" informant, accompanied by an undercover police officer, telephoned a person known to the informant as "Jose." Plea Agreement at 3, R. Vol. I, tab 107. The undercover officer, posing as a drug dealer, had previously met with Jose and arranged for the officer to buy a pound of methamphetamine from Jose. The phone call was intended to arrange the meeting place for the sale.

The informant spoke to Jose in English, but because Jose was not fluent in English, he handed the phone to Ortiz, who was with Jose at that time. The informant told Ortiz that he and the buyer were ready to meet, to which Ortiz responded that he could sell only one pound at that time, but "maybe [he] could get some more in a couple of days." Id. at 3-4. The informant and Ortiz arranged to make the sale later that day and agreed to call again in the afternoon. Later that day, in accordance with the telephone arrangements, Drug Enforcement Agency agents seized the pound of methamphetamine.

Ortiz was initially charged in a one-count indictment with possession with intent to distribute fifty grams or more of methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He was subsequently charged in a two-count superceding indictment with possession with intent to distribute, aiding and abetting and conspiracy to possess with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) and 18 U.S.C. § 2. He pled not guilty to each indictment.

The parties then entered into a plea agreement, pursuant to which Ortiz pled guilty to a one-count information charging use of a communication facility in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 843(b). In exchange, the government agreed to dismiss the two indictments and file no further charges against Ortiz. It was also agreed that Ortiz could file for and seek

a downward departure, but the government reserved the right to oppose it. No motion for downward departure was made on behalf of Ortiz, nor did he object to the Presentence Investigation Report ("PSR").

At his sentencing hearing, the district court calculated his sentence as follows. The base offense level for a plea of guilty to the one-count information was 30. After adjustment for acceptance of responsibility, Ortiz's total offense level was 27. His criminal history category of III yielded a sentencing range of 87-108 months. Pursuant to United States Sentencing Commission, Guidelines Manual ("USSG") §5G1.1(a), because the statutorily authorized maximum sentence is less than the minimum of the guideline range, the statutorily authorized maximum sentence became the guideline sentence. Therefore, Ortiz's guideline sentence was forty-eight months. See 21 U.S.C. §§ 843(b) and (d)(1). The district court sentenced Ortiz to forty-eight months imprisonment, followed by one year of supervised release. Ortiz argues that sentence is excessive for his offense.

"We review a district court's interpretation of the Sentencing Guidelines de novo, and its factual findings for clear error, giving due deference to the district court's application of the guidelines to the facts." United States v. Brown, 314 F.3d 1216, 1222 (10th Cir. 2003). There is no basis upon which Ortiz can challenge the validity of the sentence imposed. The district court correctly

calculated Ortiz's guideline sentence based upon undisputed facts. Neither we nor Ortiz's counsel can divine any error in law or fact in the district court's calculation of Ortiz's sentence.

We therefore grant Ortiz's counsel permission to withdraw as counsel and we AFFIRM the sentence.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge